UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SALIH BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   16-cv-1358 |
| | ) | |
| OFFICER JOHN FERMON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R  A N D  O P I N I O N**

This matter is before the Court on the Defendant John Fermon's Motion to Dismiss (Doc. 9). The motion has been fully briefed and is ready for decision. For the reasons stated below, the motion is DENIED. Also before the Court is Defendant's motion for leave to file a reply brief. (Doc. 12). That motion is GRANTED.

**LEGAL STANDARDS**

Although Defendant's submissions are silent as to under what authority Defendant moves to dismiss, the Court gathers from the substance of the submissions that the motion is a Rule 12(b)(6) motion contending that Plaintiff has failed to state a claim for which relief can be granted. In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Lastly, when a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## FACTS[1]

Plaintiff was one of several passengers in a vehicle stopped by Defendant in the early morning hours of September 27, 2014 in Bloomington, Illinois. The Complaint does not mention why the vehicle was stopped. During the stop, Defendant instructed Plaintiff and the other occupants to exit the vehicle. After exiting the vehicle, Plaintiff wiped his face with his hand. Another officer on scene, Officer Statz, witnessed that action and told Defendant that it appeared Plaintiff had eaten

---

[1] These facts are taken from the Complaint and are taken as true for purposes of deciding the motion to dismiss.

2

something. The Complaint does not identify what the "something" was that Statz saw.

Defendant believed that Plaintiff swallowed a plastic bag containing crack cocaine. Defendant placed Plaintiff in handcuffs and conducted a thorough search of the Plaintiff and all areas under his control to attempt to find any illegal substances on the Plaintiff, including his mouth and body. Defendant was unable to find any illegal substances on Plaintiff or in his control. Defendant did find an open container of alcohol near where Plaintiff was seated in the vehicle. Defendant wrote and provided Plaintiff with a citation for illegal transportation of alcohol on the scene of the stop.

Subsequently, Defendant transported Plaintiff to the City of Bloomington jail and placed him under arrest for obstructing justice/destroying evidence. After spending a short time at the jail, Defendant took Plaintiff to a hospital emergency room where he instructed the medical personnel that Plaintiff may have swallowed a plastic bag with crack cocaine while Plaintiff denied the same to medical personnel. Plaintiff was given charcoal to drink, which he did. Afterwards, Plaintiff did not regurgitate or otherwise expel any illegal substances or a plastic baggie. Plaintiff was also given an x-ray that came back as negative for any foreign substances within Plaintiff's abdomen or pelvis. Despite these facts, Defendant transported Plaintiff back to the Bloomington police station where he prepared reports charging Plaintiff with obstructing justice/destroying evidence.

No drugs were ever found by Defendant during the incident on September 27, 2014, and Plaintiff never regurgitated or passed any illegal substances after his arrest by Defendant. Nevertheless, Plaintiff was imprisoned and levied with criminal charges for obstructing justice/destroying evidence. The Complaint is silent as to the outcome of those criminal charges.

Plaintiff now brings three claims against Defendant by way of 42 U.S.C. § 1983. In Count I, he alleges unreasonable seizure against Defendant. In Count II, he alleges unreasonable search against Defendant for making Plaintiff go to the hospital emergency room and requiring him to take x-rays and drink charcoal to search his body for nonexistent illegal substances. In Count III, he alleges unreasonable detention against Defendant for holding him in custody despite knowing that there was no evidence of obstructing justice or destroying evidence.

## DISCUSSION

### I. Probable Cause

Defendant first moves to dismiss all the claims against him on the grounds that he had probable cause to support his entire interaction with Plaintiff. He contends the facts as pled in the Complaint establish Defendant had probable cause for all of his actions. It is true that a court may dismiss Fourth Amendment search, seizure, and unlawful detention claims in instances where a plaintiff has pled allegations that establish the existence of probable cause. *Fleming v. Livingston County*, 674 F.3d 874, 878 (7th Cir. 2012). This is not one of those instances.

The facts of the Complaint at best only establish that Defendant may have had probable cause to arrest and detain Plaintiff for the open liquor container. The Court states that probable cause <u>may have existed</u> because no facts detailing why the officers stopped the vehicle in the first place are presented in the Complaint even though the Plaintiff does not appear to challenge the initial stop and search of the vehicle. Defendant wrote Plaintiff a citation for the open liquor container that he ultimately found. Plaintiff is not contesting the citation for the open liquor.

Defendant attempts to argue in his Reply that the observation of the open container of liquor provided probable cause for the rest of the actions taken against Plaintiff in response to him wiping his face. He cites to *United States v Robinson*, 414 U.S. 218, 226 (1973) for the proposition that arresting officers may search an arrestee's person's to prevent the concealment or destruction of evidence. Defendant's reliance on *Robinson* is misplaced and he is incorrect that the probable cause for the open container of liquor provided carte blanche for his subsequent actions.

In *Robinson*, the officer, having recognized the offender from a previous encounter, arrested the offender for operating a vehicle without a license. 414 at 220-21. During a search of the offender's person incident to his lawful arrest, he discovered a cigarette package and ultimately found drugs therein. *Id*. The court held that the search of the offender and recovery of the drugs was a lawful search incident to the arrest. *Id*.  The officer in *Robinson* never asserted that he suspected the offender of drug possession nor did he continue to search and charge the

5

offender with a crime after he had evidence that no crime had been committed. Thus *Robinson* is not applicable to the facts here. To the extent that it may apply here, then it only provides authority for the immediate search of Plaintiff, his person and the vehicle on the scene, not the rest of Defendant's actions.

Nothing presented in the Complaint establishes that Defendant or Officer Statz had probable cause to suspect Plaintiff of swallowing drugs. Plaintiff alleges that he wiped his face. The Court must take that allegation as true. Officer Statz informed Defendant that Plaintiff appeared to have eaten something. These allegations do not provide a nexus to illegal drugs. There is no connection provided in the Complaint between the act of wiping one's face while exiting a vehicle and the disposal of illegal drugs. Such an innocuous action of wiping one's face can hardly be thought sufficient to arouse a reasonable officer's suspicion that the wiping individual was guilty of obstructing justice or destroying evidence. Defendant provides no authority for the proposition that the presence of open container of alcohol provides a reasonable basis for one to suspect the presence of illegal drugs.

Had the allegations in the Complaint stated that Officer Statz saw Plaintiff swallow a plastic bag for instance, there would be a plausible connection sufficient to find probable cause for Plaintiff's seizure and search beyond what occurred on the scene of the stop. That is because illicit drugs are known to be stored in small plastic bags. But that is not what is alleged in the Complaint.  The Complaint plainly states Officer Statz said to Defendant it appeared that Plaintiff "had eaten

6

something." It provides no further description. There would have to be more detail to satisfy a reasonable suspicion that the Plaintiff was disposing of drugs or other evidence of drugs from the simple act of wiping his face. In short, the facts as alleged in the Complaint do not establish probable cause in relation to the Defendant's actions beyond the issuance of the open liquor citation.

## II.  Qualified Immunity

Next, Defendant moves to dismiss the Complaint because he contends he is entitled to qualified immunity. The Seventh Circuit has explained that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). This is so because a "plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity" and "an immunity defense usually depends on the facts of the case." *Id*.

Based on the facts pled, Defendant is not entitled to qualified immunity. First, as the Court already discussed, there are no allegations that establish probable cause in regard to any alleged ingestion of an illegal substance. "Qualified immunity [] protects those officers who make a <u>reasonable error</u> in determining whether there is probable cause to arrest an individual." *Chelios v. Heavener*, 520 F.3d 678, 691 (7th Cir. 2008). In the Court's view—and Defendant has not provided any authority for the Court to conclude otherwise—it is unreasonable to associate the simple and sole action of wiping one's face and/or eating something with ingesting illicit drugs. If that was indeed what prompted the Defendant to take

7

Plaintiff to a hospital, force him to ingest charcoal, regurgitate, submit to an x-ray and then still suffer further detention and charges after no evidence was recovered, then his actions were quite unreasonable. Qualified immunity protects government officials from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The right to be free from unreasonable searches, seizures and detentions is clearly established in the law. For these reasons, the motion to dismiss on the basis of qualified immunity is not only improper at this time, it is also not available taking the allegations of the Complaint as true, as the Court must do on a Rule 12(b)(6) motion.

## CONCLUSION

The Motion to Dismiss (Doc. 9) is DENIED. The matter is returned to Magistrate Judge Hawley for discovery-related proceedings and other further pretrial administration.

So Ordered.


Entered this 25th day of January, 2017.


                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge