## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SALIH BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01358 |
| | ) |
| JOHN FERMON & CITY OF BLOOMINGTON, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(2) and (6). (Doc. 61). For the following reasons, the Motion is denied *sua sponte*.

A full recitation of the facts of this case can be found in the Court's summary judgment Order. (*See* doc. 41 at 1–6). The following facts are sufficient to resolve the pending Motion. After an interaction with Bloomington Police Officer Fermon wherein Officer Fermon believed he witnessed Plaintiff swallow a small bag of drugs, Plaintiff was arrested and charged with obstruction of justice; a subsequent grand jury indictment charged Plaintiff with the same. Following the arrest, Plaintiff was medically examined and observed, but no bag was recovered from his system. Approximately two years later, the obstruction charge was dismissed *nolle prosequi* in accordance with a plea agreement stemming from unrelated charges. Plaintiff thereafter filed the instant lawsuit asserting, *inter alia*, a claim for malicious prosecution of the obstruction charge. The Court entered summary judgment against

Plaintiff, finding the *nolle prosequi* dismissal due to a plea agreement was not indicative of Plaintiff's innocence, thus defeating his claim for malicious prosecution.[1] (Doc. 41 at 20–21). The Seventh Circuit affirmed. *Baker v. Fermon*, 799 F. App'x 921 (7th Cir. 2020).

Plaintiff now seeks relief from judgment under Rules 60(b)(2) and (6) and asks the Court to reverse its summary judgment decision and reinstate his malicious prosecution claim based on newly discovered evidence: an August 2021 order in the underlying criminal case indicating the obstruction charge was dismissed *nolle prosequi* because the prosecutor simply "decline[d] to prosecute." (Doc. 61). The new order does not indicate the *nolle prosequi* dismissal stemmed from a plea agreement, as the previous order did. (Doc. 61 at 3).

Rule 60(b)(2) permits relief from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." However, a motion under Rule 60(b)(2) must be made within one year of the entry of the challenged judgment or order. Fed. R. Civ. P. 60(c)(1). The instant Motion challenges an order and judgment that were entered on June 26, 2018—more than three years ago. Relief under Rule 60(b)(2) is thus unavailable.

---

[1] "To establish a claim for malicious prosecution under Illinois law, plaintiffs must establish five elements: (1) commencement or continuation of an original proceeding [by the defendant]; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (citing *Sang Ken Kim v. City of Chicago*, 368 Ill. App. 3d 648, 654 (2006)).

Rule 60(b)(6), the residual clause, permits relief for "any other reason that justifies relief." However, "if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). Plaintiff offers no reason for relief other than the newly discovered evidence (the new *nolle prosequi* dismissal order). (*See* doc. 61). Accordingly, relief under Rule 60(b)(6) is likewise unavailable.

Nevertheless, even if Plaintiff's request could fall under Rule 60(b)(6), relief would be foreclosed based on two findings in the Seventh Circuit's Order affirming the Court's summary judgment Order. First, the Seventh Circuit explicitly found Officer Fermon had probable cause to arrest Plaintiff for obstruction of justice, thus defeating his malicious prosecution claim.[2] *Baker*, 799 F. App'x at 924. Second, the Seventh Circuit explained that, to overcome the grand jury indictment here, Plaintiff would have to prove it was obtained due to "some improper post[-]arrest action . . . such as a lie." *Id.* at 925 (internal quotation marks omitted). The court went on to find Officer Fermon was, at most, mistaken in his belief Plaintiff had swallowed a bag of drugs. *Id.* Because a mistake is not a lie, the court determined there was no improper basis for the grand jury indictment, which likewise defeated Plaintiff's claim for malicious prosecution. *Id.* Thus, even if Plaintiff's arguments could be

---

[2] As stated, a claimant claiming malicious prosecution must prove the prosecution occurred absent probable cause. *Cairel*, 821 F.3d at 834.

3

considered under Rule 60(b)(6), his requested relief is foreclosed by the Seventh Circuit's binding Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment Pursuant to Rules 60(b)(2) and (6) (doc. 61) is DENIED. Defendant's Motion for Extension of Time to File Response/Reply (doc. 62) is thus MOOT.

SO ORDERED.

Entered this 22nd day of October 2021.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
